**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF D.C.**

| | |
|---|---|
| **CENTER FOR INVESTIGATIVE REPORTING**,<br>1400 65th St.<br>Emeryville, CA 94608<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**U.S. CUSTOMS AND BORDER PROTECTION**,<br>1300 Pennsylvania Ave. NW<br>Washington, D.C. 20229<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,**<br>500 12th St., SW<br>Washington, D.C. 20536<br><br>　　　　Defendants. | Case No. 1:18-cv-2901 |

## COMPLAINT

1.	Plaintiff CENTER FOR INVESTIGATIVE REPORTING brings this suit to remedy Defendants U.S. CUSTOMS AND BORDER PROTECTION and U.S. DEPARTMENT OF HOMELAND SECURITY'S failure to produce records related to the border wall contract proposals in response to Plaintiff's Freedom of Information Act request.

## PARTIES

2.	CENTER FOR INVESTIGATIVE REPORTING ("CIR") is the nation's first nonprofit investigative journalism organization and made the FOIA requests at issue in this case. CIR publishes *Reveal*, an online news site at www.revealnews.org, and *Reveal*, a weekly public radio show with approximately 2 million monthly listeners.  CIR has received multiple awards

for its reporting. CIR is a nonprofit established under the laws of the State of California, with its primary office in Emeryville, California.

3. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal "agency" within the meaning of 5 U.S.C. § 552(f)(1) and subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. CUSTOMS AND BORDER PATROL ("CBP") is a federal "agency" within the meaning of 5 U.S.C. § 552(f)(1) and component of DHS and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## FACTS

7. In 2017, CBP issued a call for proposals from private companies to design and build prototypes for a new border wall on the U.S.-Mexico border near Chula Vista, California.

8. The proposals submitted by contractors included potential designs and materials to be used in construction, as well as more basic information about which companies were submitting proposals.

9. The contract proposals were the first implementation of President Donald Trump's intention to build an updated border wall.

10. The requests for the contract proposals repeatedly stated that any information gathered through the proposal process would be in the public domain and not confidential. For instance, in DHS's request for HSBP1017R0022, the agency clearly stated, "No parts of this contract are classified."

11. Since the prototype phase, none of these designs have been implemented.

12. Over the past two years, there has been extensive reporting and public concern over the President's plans to build the United States border wall.  *See, e.g.*, Andrew Becker, *Trump's wall is wrong path for immigration reform, analysts say*, Reveal, Jan. 25, 2017, https://www.revealnews.org/blog/trumps-wall-wrong-path-for-immigration-reform-analysts-say/; Michael Corey and Andrew Becker, *Senate Democrats answer questions, raise concerns with Trump's wall*, Reveal, April 19, 2017, https://www.revealnews.org/blog/senate-democrats-answer-questions-raise-concerns-with-trumps-wall/.

13. Growing public concern over the border wall has included the amount of federal dollars spent on designing and building a new border wall.

## DEFENDANTS' FOIA VIOLATION

14. On April 24, 2017, CIR requested from CBP, "any and all submissions, records, documents, white papers, memoranda and/or alike material related to border fence/border wall contract proposals, i.e. HSBP1017R0022, HSBP1017R0023, 2017-JC-RT-0001 and 2017-DHS-OCPO-RFI-0001 from the date of posting to present.  Relevant records include but are not limited to:

   a. Phase I proposal submissions

   b. Notifications sent to submitters of proposals, whether successful or no

   c. Phase II proposal submissions

   d. All schedules, calendars and itineraries related to prototype presentations

   e. Any and all recordings of prototype presentations

   f. Any maps, GIS data, geotechnical data or site conditions information regarding the prototype site

    g. Any materials related to scoring proposals and/or testing of prototypes and/or mockups

    h. Results and/or scoring of prototypes and mockups

    i. Border Patrol-approved design standards for fence/wall

    j. Aerial and/or satellite photos of the prototype location

    k. Evaluations, assessments, analyses, summaries, reviews and/or reports regarding the bid, submission, evaluation and prototype process.

  15. CIR also requested a fee waiver as member of the news media and an expedited processing request because of the overwhelming public interest. A true and correct copy of the request is attached as Exhibit A.

  16. On April 25, 2017, CBP issued an acknowledgement and assigned the requests number 2017-ICFO-29929. A true and correct copy of the letter is attached as Exhibit B.

  17. On August 3, 2017, CBP granted CIR's fee waiver request. A true and correct copy of the letter is attached as Exhibit C.

  18. On August 3, 2017, granted CIR's expedited processing request. A true and correct copy of that correspondence is attached as Exhibit C.

  19. On August 3, 2017, CBP sent a denial to CIR, stating that records responsive to the request were found, but CBP was withholding the records pursuant 5 U.S.C. § 552(b)(4) (the trade secrets exemption) and that 2017-DHS-OCPO-RFI-0001 is not a CBP Request for Information. A true and correct copy of the denial letter is attached as Exhibit D.

  20. On October 17, 2017, CIR made an administrative appeal of the denial, explaining that the requested documents were not protected trade secrets. A true and correct copy of the appeal is attached as Exhibit E.

21.     On September 10, 2018, the Office of Government Information Services ("OGIS") replied to CIR's administrative appeal letter. OGIS stated that there are 6,762 pages of responsive records. OGIS produced 1,019 unredacted pages and 155 pages subject to redactions. OGIS withheld the remaining 5,588. OGIS cited 5 U.S.C. § 552(b)(3), (b)(4), (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) as exemptions to redact the 155 pages and withhold the 5,558 pages. A true and correct copy of this reply is attached as Exhibit F.

## COUNT I – VIOLATION OF FOIA

22.     The above paragraphs are incorporated herein.

23.     Plaintiff made a proper FOIA request to Defendants.

24.     Defendants are agencies subject to FOIA.

25.     Defendants have improperly redacted information in records that are responsive to Plaintiff's FOIA request.

26.     Defendants have improperly withheld records that are responsive to Plaintiff's FOIA request.

**WHEREFORE,** Plaintiff asks the Court to:

    i.    Order Defendants to produce all non-exempt responsive records resulting from an adequate search;

    ii.    Award Plaintiff attorney fees and costs; and

    iii.    Enter any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
CENTER FOR INVESTIGATIVE REPORTING

Matthew Topic, Bar No. IL0037
Joshua Burday, Bar No. IL0042
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com

D. Victoria Baranetsky
Center for Investigative Reporting
1400 65th Street
Emeryville, CA 94609
(510) 982-2890
(*Pro Hac Vice* Forthcoming)