IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF D.C.

| | | |
|---|---|---|
| **THE CENTER FOR INVESTIGATIVE** | ) | |
| **REPORTING**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-2901 (BAH) |
| | ) | |
| v. | ) | |
| | ) | |
| **U.S. CUSTOMS AND BORDER** | ) | |
| **PROTECTION,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT

As Defendants would have it, the 2016 FOIA amendments are but meaningless paper changes authorizing the same generalized arguments about harm to agency decision-making or to would-be government contractors that have been traditionally sufficient.  But when Congress amends a statute, courts must give effect to the amendment in a meaningful way, not render it a dead letter.  *Stone v. INS*, 514 U.S. 386, 397 (1995) ("When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect.").

Despite taking a second bite at the apple with its supplemental declaration, Defendants still have not established any foreseeable harm from the release of the specific documents at issue in this case.[1]  Therefore, Plaintiff is entitled to summary judgment as to Defendants' Exemption 4 and 5 claims.[2]

---

[1]  Defendants take issue with Plaintiff's decision not to refute any of the statements of fact with contrary evidence.  But FOIA cases are typically decided based on the sufficiency of the government's declarations, and as explained in Plaintiff's opening brief, the declaration furnished here fails to prove any foreseeable harm, even if every fact (as opposed to legal conclusion) in Defendants' statement is true. *See Niagara Mohawk Power Corp. v. Dep't of*

## I.   DEFENDANTS HAVE NOT PROVEN FORESEEABLE HARM AS TO EXEMPTION 4

Defendants are correct that the Supreme Court held, after Plaintiff filed its opening brief, that Exemption 4 itself does not require any showing of competitive harm for "confidential" information based on the plain text of the statute.  *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019).  But the Court did not address, and had no opportunity to address, the **separate** requirement under the 2016 amendment, which did not apply to the pre-amendment request at issue in that case,[3] that even if an exemption applies, an agency must still prove that release of the information would "reasonably harm an exemption-protected interest."  *E.g. Rosenberg v. U.S. Dep't of Def.,* 342 F. Supp. 3d 62, 73 (D.D.C. 2018); *see generally* Dkt. # 15 at 6-9 (discussing foreseeable harm standard and its origins).

Here, Defendants rely solely on one paragraph from the belated supplemental declaration of CBP's FOIA Officer to meet this burden.  *See* Dkt. # 18 at 4 (citing Supp. Suzuki Decl. ¶ 8). To begin, there is no foundation anywhere in the declaration establishing that CBP's FOIA Officer has any experience or expertise to speak about any harms that would be suffered by release of these specific records by these specific companies in this specific industry.  *See generally* Dkt. # 18-1; Dkt. # 14-3.  For the same reasons that pre-*Argus* Exemption 4 decisions required company declarations to prove competitive harm, so too are agency declarations, or at least ones lacking foundation as is the case here, inadequate to demonstrate foreseeable harm

---

*Energy,* 169 F.3d 16, 18 (D.C. Cir. 1999) (finding agency affidavits conclusory and denying summary judgment despite plaintiff's failure to controvert agency assertions by remaining silent).

[2]  In light of Defendants' belated reply-brief declaration, Plaintiff no longer challenges the withholdings under Exemption 7(E).

[3]  *See Argus Leader Media v. U.S. Dep't of Agric.,* 900 F. Supp. 2d 997, 1000 (D.S.D. 2012), *rev'd and remanded,* 740 F.3d 1172 (8th Cir. 2014) ("On February 1, 2011, Argus Leader emailed a request for specific records to the email address for the Food and Nutrition Service (FNS), which is an agency of the USDA.")

under the 2016 amendments.  *See e.g. Newry Ltd. v. U.S. Customs & Border Prot. Bureau,* 2005 WL 3273975, at *4 (D.D.C. July 29, 2005); Dkt. # 15 at 4 (collecting cases); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

In addition, the sole paragraph of the sole declaration relied upon by Defendants is far too generic and conclusory to suffice under foreseeable harm case law, even if it was supported by adequate foundation.  The full extent of any factual information found in that paragraph relevant to foreseeable harm to an Exemption 4 interest states that "there are thousands of miles of border and many different border wall projects which could potentially be available for future contracts. Many of the unsuccessful bidders for this project may bid on future border wall projects."  Dkt. # 18-1 at ¶ 8.  From there, the declaration jumps to the purely legal conclusion that releasing the information "will undercut [bidders'] ability to obtain future border wall contracts."  *Id.* Critically absent is any effort to "articulate both the nature of the harm and the link between the specified harm and specific information contained in the material withheld." *Judicial Watch*, 2019 WL 1317557, at *5.  Rather, the Court is left to speculate how any of the specific withheld information would result in any such undercutting, contrary to the foreseeable harm requirement.

Because Defendants have still not proven any foreseeable harm from release of the information withheld under Exemption 4, the Court should grant summary judgment in Plaintiff's favor as to the records withheld solely under Exemption 4.

## II.   DEFENDANTS HAVE NOT PROVEN FORESEEABLE HARM AS TO EXEMPTION 5

Defendants' effort to satisfy the foreseeable harm standard for Exemption 5 fares no better.

At the onset, Defendants argue that the categorical approach for exemption claims also applies to the additional foreseeable harm requirement applicable to exempt material.  Dkt. # 18 at 5.   Because the statute itself does not address this specific question, *see* 5 U.S.C. § 552(a)(8)(A), it is appropriate to consider legislative history to resolve this question.  *See Argus Leader*, 139 S. Ct. at 2364.  That legislative history makes clear that the agency must "articulate both the nature of the harm and the link between the specified harm and **specific information** contained in the material withheld." *See Judicial Watch*, 2019 WL 1317557, at *5 (quoting H.R. Rep. No. 114-391, at 9 (2016) (emphasis added)); *see also* S. Rep. No. 114–4, at 8 ("the content **of a particular record** should be reviewed" as part of foreseeable harm analysis (emphasis added)).   As such, Defendants' categorical approach should be rejected.   And because Defendants do not even attempt to establish foreseeable harm as to any specific records, *see* Dkt. # 18 at 5-7, the Court need not go any further to grant summary judgment for Plaintiff.

Even if the Court adopts a categorical approach, however, Defendants' arguments still fail.   Rather than identify any specific harms tied to the specific context of these records, Defendants simply dress up their deliberative process arguments as foreseeable harm.  *See* Dkt. # 18 at 6 (noting that employees engaged in an "exercise of judgment"; that release could "result in confusion" or "chill open and frank discussions"); *id.* at 7 (noting Defendants' newest declaration claims that "the same employees" involved in initial decisions will be involved in future ones).   Indeed, Defendants openly concede this by describing their assertions as "axiomatic." *Id.* at 7.  Had Congress been satisfied with these kinds of pre-existing assertions, it

would not have amended the statute to require foreseeable harm or noted its displeasure with the fact that agencies have "taken advantage of these exemptions to withhold any information that might technically fit." *See Judicial Watch*, 2019 WL 1317557, at *5.

Because Defendants have failed to show foreseeable harm as to their Exemption 5 assertions, Plaintiff should be granted summary judgment on these records as well.

### III.   CONCLUSION

For these reasons, the Court should deny Defendants' motion for summary judgment and grant Plaintiff's motion for summary judgment on Defendants' Exemption 4 and 5 claims.

RESPECTFULLY SUBMITTED,

*/s/ Matthew Topic*

_____

Attorneys for Plaintiff
THE CENTER FOR INVESTIGATIVE
REPORTING

Matthew Topic, Bar No. IL0037
Joshua Burday, Bar No. IL0042
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com

## **CERTIFICATE OF SERVICE**

I, Matthew Topic, an attorney, hereby certify that on August 9, 2019, I caused the

foregoing PLAINTIFF'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY

JUDGMENT to be served on all counsel of record via the Court's CM/ECF system.


*/s/ Matthew V. Topic*